**ESTATE OF MILLER, In re.**

Probate Court, Franklin County.

No. 96836. Decided February 1, 1943.

Harry P. Nester, Columbus, for heirs.
J. F. Atwood, Columbus, for executor.

## OPINION

By McCLELLAND, J.

This matter comes before this court upon an application of the heirs of the widow of Benjamin F. Miller to set aside an order of this court, by the terms of which order this court set aside a former election made by the Probate Court on behalf of the surviving spouse of Benjamin F. Miller, deceased.

The record in this case discloses that on February 3, 1942, Benjamin F. Miller died leaving a last will and testament, which will has been admitted to probate in this court. He also left a surviving spouse who was given a life estate in the entire property of the deceased. The surviving spouse was incompetent. Upon a suggestion being made to the Probate Court that the surviving spouse was incompetent, this court appointed a commissioner under the statute to determine what the widow would receive under the will, and what she would receive under the statute of descent and distribution. The report of the commissioner was filed and upon that report the court, acting under the authority of the statute, made an election for the widow, by the terms of which she elected to take under the statute of descent and distribution. A short time after that election was made and filed in this court the widow died. A few days subsequent thereto a representative of the heirs of Benjamin F. Miller came to this court and made a verbal application to this court to set aside the election heretofore referred to and to make another election. The court was advised at the time that all of the property passing under the will of Benjamin F. Miller had been acquired by him, and the court therefore was of the opinion that it would have been better for the surviving spouse to have elected to take under the will rather than under the law. It therefore set aside the original election and made another election, by the terms of which the widow took under the will. It is this last election which is attacked by the motion now filed and which we are called upon to act.

**Section 10504-55 GC,** reads as follows:

"After the probate of the will and filing of the inventory, appraisement and schedule of debts, the probate court on the motion of the executor or administrator, or on its own motion, forthwith shall issue a citation to the surviving spouse, if any, to elect whether to take under the will, or under the statute of descent and distribution. In the event of election to take under the statute of descent and distribution, such spouse shall take not to exceed one-half of the net estate. The election shall be made within one month after service of the citation to elect, or if no citation is issued, within nine months after the appointment of the executor or administrator,

whether or not a citation be issued as herein provided. On motion filed before the expiration of such nine months and for good cause shown, the court may allow further time for the making of the election. The election shall be entered on the journal of the court."

Ever since the establishment of the government of Ohio a spouse upon marriage to the other acquired an inchoate right of dower in the real estate of the consort. This dower interest arises by reason of the marriage relation and cannot be taken from the person without his or her consent. When the statutes of descent and distribution were amended in 1931 by a bill which became effective on January 1, 1932, the inchoate right of dower was extinguished at the death of the person; the consummate right of dower was abolished, and in place thereof there was substituted for the widow or surviving spouse an undivided interest in the real and personal property of the deceased. The surviving spouse has always had the right to choose to take under the will or under the law. This provision was continued in the new probate code which became effective on January 1, 1932. The section of the statute just above quoted constitutes that provision. The statute further provides that if the surviving spouse be an incompetent person, the probate judge shall appoint a commissioner as above indicated and upon the report of the commissioner shall make such election for the surviving spouse. The statute further provides that when the election is so made by a probate judge it shall have the same force and effect as an election made by a competent surviving spouse.

Upon an examination of §10504-55 GC, and subsequent sections we find that the surviving spouse in all events must make her election within nine months after the appointment of the executor or administrator. It also provides that the probate court on its own motion, or on the motion of the executor or administrator, shall issue a citation to the surviving spouse to make such election. When the citation is issued the surviving spouse shall make such election, if any, within nine months after the service of the citation, but if the widow fails to observe the citation, and if the election be not made within nine months, she shall be conclusively presumed to have elected to take under the will.

It is therefore quite obvious that there is some reason for the provisions of the statute requiring an election, or some action tantamount to election, to be made before the expiration of nine months. These provisions undoubtedly have been inserted in the statute so that interested parties may know what their rights are after the election is made. It is therefore our opinion that it was the intent of the legislature in enacting the above quoted statute to have some statutory provision by which the rights of the widow and also the rights of the persons interested in the will could be

ascertained at a definite time. That being the situation when an election is made by a surviving spouse her rights are fixed. and likewise are fixed the rights of the other parties interested in the estate.

The Supreme Court of Ohio, in the case of **William H. Davis et v. Mary Davis, 11 Oh St, 386,** has held that an election formally made and entered upon the journal at the instance of a surviving spouse, cannot afterward and within a year from the probate, be set aside at the pleasure of the widow. The third syllabus of that decision reads as follows:

"The probate judge has no authority to cancel an election previously made and entered upon his journal, for an alleged mistake of the party so electing, as to the provisions and effect of the will."

The fourth syllabus reads as follows:

"Such election, when made and recorded, can be vacated only on petition to the court of common pleas, or other court having general equity jurisdiction."

As far as we have been able to ascertain this decision has not been reversed by the Supreme Court of Ohio. It is our opinion that this decision is entirely in harmony with the intent of the legislature in enacting §10504-55 GC, and other sections relative to the election of a surviving spouse.

When a probate judge makes the election for an incompetent spouse, he simply takes the place of the surviving spouse, and such election made by the probate judge neither adds to nor detracts from the sanctity of the election. One of the subsequent statutes provides that when an election is so made by the probate judge. it shall have the same force and effect as an election made by a competent surviving spouse. In our investigation of this matter we have found some subsequent cases which do not specifically determine the point in issue, but inferentially support the conclusion which we have heretofore set forth.

We have most carefully examined the briefs submitted by counsel for the heirs of the surviving spouse. and also for the heirs of Benjamin F. Miller. The greater portion of the briefs contain a discussion of the right of the court to set aside its order made dur-

ing term. The election of a surviving spouse is not a final order, nor is it an order of any kind. The election of a surviving spouse is not appealable. The election is simply the choice of one of two alternatives, that of taking under the will, or that of taking under the statute of descent and distribution. When an election is made it is journalized by the court, but in so journalizing such an election it does not constitute an order either interlocutory or final which is subject to appeal. The only person who can complain of an election is the person who made the election, or person holding under that person, or succeeding to his or her rights, and when any such a complaint is made the complaint should be made before a court having general equity jurisdiction. Prior to the enactment of the code in 1932 it is quite probable that the only court which would have jurisdiction to entertain any such an action would be the court of common pleas, but under the new probate code, which gives the probate court plenary power, both in law and in equity, over any matters properly before the court, it is quite probable that the probate court would have authority to entertain any such an action to set aside an election. Such a complaint should be done by petition in a separate proceeding to which all of the interested parties. should be made defendants. This statement is made upon the proposition that when an election is made and journalized the rights of all the parties are thereby fixed.

Inasmuch as we hold that the election of a surviving spouse is not an order, all the discussion relative to the right of a probate judge to set aside his order, either during or after term, is beside the question, and we are therefore compelled to come to the conclusion that when this court made the election for the surviving spouse of Benjamin F. Miller and journalized the same, it thereby fixed the rights of all of the parties, and this court therefore had no right to set aside that election except upon a proper showing to the effect that the surviving spouse was deceived, defrauded, or that in some way she was precluded from exercising her free will in such an election.

Therefore the order complained of will be set aside and the former election reinstated.

An order may be drawn accordingly.